THE LAW OFFICES OF ANDREW J. BROWN
ANDREW J. BROWN (160562)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/501-6550
andrewb@thebrownlawfirm.com

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| REBECCA TAYLOR, and C.T., a minor by REBECCA TAYLOR, C.T.'s parent and guardian, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>APPLE, INC.,<br><br>  Defendant. | Case No. 5:20-cv-03906-RS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR JUDICAL NOTICE AND THE DECLARATION OF ANDREW AZARMI**<br><br>Date:     December 3, 2020<br>Time:     1:30 p.m.<br>District Judge Richard Seeborg<br>Courtroom 3, 17th Floor<br><br>Complaint Filed:  June 12, 2020<br>Trial Date:              Not Set<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Rebecca Taylor, and C.T., a minor by Rebecca Taylor, C.T.'s parent and guardian, on behalf of themselves and all others similarly situated ("Plaintiffs"), submit this response to Defendant Apple, Inc.'s ("Defendant" or "Apple") Request for Judicial Notice in Support of Motion to Dismiss (Dkt. No. 24-1 (the "RJN")) and the Declaration of Andrew Azarmi in Support of Apple Inc.'s Motion to Dismiss Complaint (Dkt. No. 24-13 (the "Azarmi Decl.")).

**I.   APPLICABLE STANDARDS**

As a general rule, courts "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *U.S. ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011).[1] There are two exceptions to the rule that outside evidence may not be considered when ruling on a motion to dismiss.

First, the doctrine of incorporation by reference "permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions." *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012).

Second, Fed. R. Evid. 201 permits a court to take judicial notice of a fact that is "not subject reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Maraldo v. Life Ins. Co. of the Sw.*, No. 11-CV-4972, 2012 U.S. Dist. LEXIS 45572, at *17 (N.D. Cal. Mar. 30, 2012) ("The Ninth Circuit has indicated that judicial notice should only be taken sparingly, with caution, and after demonstration of a 'high degree of indisputability.'") (quoting *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005)).

Where a document meets the criteria of the doctrine of incorporation by reference or Rule 201, the court should only take judicial notice of the document's existence, and should not take judicial notice of the document for the truth of the matters asserted therein. *See Maiman v. Talbott*, No. SACV 09-0012 AG (ANx), 2010 U.S. Dist. LEXIS 142712, at *21 (C.D. Cal. Aug. 9, 2010) ("[W]hile it may be appropriate to judicially notice the existence of SEC filings and their contents,

---

[1]   All internal citations and quotations are omitted, unless otherwise stated.

judicial notice should not be taken of the truth of their contents."). As the Ninth Circuit cautioned in *Corinthian*, "we may not, on the basis of [judicially noticeable] reports, draw inferences or take notice of facts that might reasonably be disputed." 655 F.3d at 999; *see also Gammel v. Hewlett-Packard Co.*, No. SACV 11-1404 AG(RNBx), 2013 U.S. Dist. LEXIS 68026, at *10 (C.D. Cal. May 8, 2013) (taking judicial notice of Form 10-K excerpts and prior court filings, "but not for the truth of the facts they assert").

## II.   PLAINTIFFS' RESPONSE TO APPLE'S REQUEST FOR JUDICIAL NOTICE

Defendant asks the Court to take Judicial Notice of numerous "Terms of Service" of Apple (Azarmi Decl., Ex. A) and various game developers (*Id.*, Exs. B-E), pursuant to Federal Rule of Evidence 201(b). RJN p. 2. (ECF No. 24-1). With the exception of Exhibit A, Defendant's request should be denied. Plaintiffs do not object to the Court taking judicial notice of the "Apple Media Services Terms and Conditions," but the Court may not consider the document for the truth of the matters asserted therein. To the extent this document is offered for that purpose, Plaintiffs object.

Defendant offers for consideration, and according to the Azarmi Declaration, seeks judicial notice of Exhibits B-E. These purport to be the *current versions* of various Terms of Service from game developers whose games have been referenced in the Complaint. *See* Azarmi Decl., ¶ 2. Defendant claims these may be judicially noticed because they are documents that "the Complaint puts at issue." *Id.* This is no basis for judicial notice, is not accurate, and the documents are of questionable authenticity. In fact, because they all appear to have been modified during the class period and prior versions are not included, it would be misleading for the Court to consider only these versions of the documents for the reasons they are offered. Defendant's request for judicial notice and consideration of these documents should be denied.

The remaining documents (Exs. F-K) are similarly claimed to be documents that "the Complaint puts at issue," but are nowhere referenced or referred to in the Complaint. Azarmi Decl., ¶ 3. Like Exhibits B-E, these undeniably extraneous documents are of questionable authenticity and appear to be only the most recent versions of these documents. Moreover, they appear to be offered for their truth, and to serve as an evidentiary basis for certain arguments in the Motion to Dismiss. They are therefore neither judicially noticeable, nor otherwise appropriate for consideration here.

### III. PLAINTIFFS' RESPONSE TO THE AZARMI DECLARATION

Defendant submits numerous other exhibits via website links, and makes significant argument, all designed to contradict allegations in the Complaint. *See* Azarmi Decl., ¶¶ 4-7. It does not appear that Defendant is requesting judicial notice of website links. And Defendant offers no legal basis for these submissions, nor could it. This is entirely inappropriate on this motion where the facts alleged are assumed to be true. *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). (the Court "must [take] as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."). As the Azarmi Declaration appears to be an attempt to offer additional (factual) arguments in support of Defendant's Motion to Dismiss, it should be stricken.

In the alternative, if the Court is to consider this evidence, it should convert Defendant's motion to one for summary judgment and allow discovery to go forward on these issues. Fed. R. Civ. Proc. 12(d).

Respectfully submitted,

Dated: October 8, 2020

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)

By:       *s/ Timothy G. Blood*
            TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

THE LAW OFFICES OF ANDREW J. BROWN
ANDREW J. BROWN (160562)
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/501-6550
andrewb@thebrownlawfirm.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 8, 2020.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/501-6550
tblood@bholaw.com